IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JOSEPH N. T. II,

           Plaintiff,

      v.                                Civil Action No.
                                         8:24-CV-333 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

_____

APPEARANCES:                   OF COUNSEL:

FOR PLAINTIFF

COLLINS, HASSELER &         LAWRENCE D. HASSELER, ESQ.
SIMSER LAW, PLLC
222 State Street
Carthage, NY 13619

FOR DEFENDANT

SOCIAL SECURITY ADMIN.      KRISTINA D. COHN, ESQ.
OFFICE OF GENERAL COUNSEL
6401 Security Boulevard
Baltimore, MD 21235

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

     Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the

Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C.

§ 405(g), are cross-motions for judgment on the pleadings.[1]  Oral

argument was heard in connection with those motions on April 30, 2025,

during a telephone conference conducted on the record. At the close of

argument, I issued a bench decision in which, after applying the requisite

deferential review standard, I found that the Commissioner's determination

resulted from the application of proper legal principles and is supported by

substantial evidence, providing further detail regarding my reasoning and

addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench

decision, which has been transcribed, is attached to this order, and is

incorporated herein by reference, it is hereby

ORDERED, as follows:

1)    Defendant's motion for judgment on the pleadings is

GRANTED.

2)    The Commissioner's determination that the plaintiff was not

disabled at the relevant times, and thus is not entitled to benefits under the

---

[1]    This matter, which is before me on consent of the parties pursuant to 28
U.S.C. § 636(c), has been treated in accordance with the procedures set forth in
General Order No. 18. Under that General Order, once issue has been joined, an
action such as this is considered procedurally as if cross-motions for judgment on the
pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil
Procedure.

Social Security Act, is AFFIRMED.

     3)    The clerk is respectfully directed to enter judgment, based

upon this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated:    May 1, 2025
           Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
JOSEPH N. T., II,

                        Plaintiff,

vs.                               8:24-CV-333

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-------------------------------------------x
```

Transcript of a **Decision** held during a

Telephone Conference on April 30, 2025, the

HONORABLE DAVID E. PEEBLES, United States Magistrate

Judge, Presiding.


A P P E A R A N C E S

(By Telephone)

For Plaintiff:      COLLINS, HASSELER & SIMSER LAW, PLLC
                    Attorneys at Law
                    225 State Street
                    Carthage, New York  13619

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of the General Counsel
                    6401 Security Boulevard
                    Baltimore, Maryland  21235
                      BY:  KRISTINA D. COHN, ESQ.


*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1                    (The Court and counsel present by telephone.)

2          THE COURT:  All right, thank you.  Plaintiff has

3    commenced this proceeding pursuant to 42 United States Code

4    Section 405(g) to challenge an adverse determination by the

5    Commissioner of Social Security finding that he was not

6    disabled at the relevant times and therefore ineligible for

7    the benefits for which he applied.

8          Before I address the merits, I did want to address

9    the question of consent.  When this case was filed, it was

10   initially assigned to Magistrate Judge Christian Hummel who

11   is now retired.  It has been transferred to me.  The

12   plaintiff executed a consent form on March 8, 2024,

13   consenting to Magistrate Judge Hummel's jurisdiction

14   specifically.  It's, as I indicated, been transferred to me.

15   Attorney Hasseler, does the plaintiff consent to my hearing

16   and deciding the case with a direct appeal to the Second

17   Circuit Court of Appeals?

18          MR. HASSELER:  Yes, your Honor.

19          THE COURT:  Thank you.

20          The background of this case is as follows:

21   Plaintiff was born in October of 1982, he is currently 42

22   years of age, he was 38 years old at the time of the alleged

23   disability onset on January 11, 2021.  Plaintiff stands

24   6 foot 1 inch in height and has weighed between 245 and

25   252 pounds.  Plaintiff lives in Massena, New York in a house

1    with his wife and two children who at the time of the hearing

2    in this matter were ages 8 and 16.  Plaintiff attended high

3    school but left sometime during the 8th -- I'm sorry, 11th

4    grade.  He attended regular classes, and subsequently

5    achieved a GED.  Plaintiff is right-handed.  Plaintiff

6    stopped working in January of 2021.  While employed, he was a

7    delivery driver at various times for a furniture company and

8    for an auto parts store.  He was a paint store customer

9    service representative, he worked at an aluminum

10    manufacturing facility in various capacities, and was a

11    retail shift manager.

12            Physically, plaintiff suffers from several

13    diagnosed impairments.  In October of 2020, he was diagnosed

14    as suffering from COVID.  He was quarantined for 14 days, he

15    was not hospitalized, and by all accounts it was a relatively

16    mild version of COVID.  He has since been diagnosed with

17    post-COVID syndrome or also known as long haul COVID

18    syndrome.  He suffers from hypertension, thyroid disease,

19    arthritis, lumbar degenerative disk disease, mild carpal

20    tunnel syndrome, and acid reflux.  He has complained over

21    time of symptoms including dizziness, fatigue, chest pain,

22    and high blood pressure and has undergone many exams and

23    tests to determine the source of his various symptoms, mostly

24    without success.

25            Mentally, plaintiff suffers from a mild case of

1    anxiety and depression.  He has not undergone any mental

2    health treatment other than from his primary care provider

3    who has prescribed an antidepressant, namely Lexapro.

4          Plaintiff's activities of daily living include the

5    ability to bathe, groom, dress, cook, clean with breaks, does

6    laundry three times per week, cares for his children while

7    his wife works, he takes his daughter to school and picks her

8    up after school, shops weekly, he drives, he watches

9    television, he listens to the radio, he enjoys family movies,

10   board games, and managing money.  At the hearing he testified

11   that he cannot drive more than 2 miles, that's at page 49 to

12   50 of the Administrative Transcript.  However, page 745 it

13   was disclosed that he drove 100 miles by himself to the

14   examination, psychiatric examination by Dr. Noia.

15         Procedurally, plaintiff applied for, protectively

16   applied for Title II benefits on June 9, 2021, alleging an

17   onset date of January 11, 2021.  He claims at page 254

18   disability based upon COVID-19, hypothyroidism, hypertension

19   or high blood pressure, acid reflux, and herniated disks.  A

20   hearing was conducted with a vocational expert on

21   December 15, 2022 by Administrative Law Judge Robyn Hoffman.

22   ALJ Hoffman issued an adverse determination on February 3,

23   2023.  That became a final determination of the agency on

24   February 16, 2024 when the Social Security Administration

25   Appeals Council denied plaintiff's application for review.

1    This action was commenced on March 8, 2024 and is timely.

2              In her decision, ALJ Hoffman applied the familiar

3    five-step sequential test for determining disability, first

4    noting that plaintiff is insured through December 31, 2026.

5              At step one, ALJ Hoffman concluded that plaintiff

6    has not engaged in substantial gainful activity since his

7    alleged onset date.

8              At step two, she found that plaintiff suffers from

9    diagnosed medical impairments that impose more than minimal

10   limitations on his ability to perform work-related functions,

11   including lumbar spine, degenerative disk disease, and

12   post-COVID syndrome.

13             At step three, ALJ Hoffman found that plaintiff's

14   conditions do not meet or medically equal any of the listed

15   presumptively disabling conditions.  She did that after going

16   through the so-called B and C criteria associated with the

17   various mental listings and determining that they were not

18   met and specifically finding that plaintiff experiences mild

19   limitations in understanding, remembering, or applying

20   information, no limitation in interacting with others, no

21   limitation in concentrating, persisting, or maintaining pace,

22   and mild limitation in adapting or managing oneself.

23             ALJ Hoffman next found that plaintiff retains the

24   residual functional capacity, notwithstanding his conditions,

25   to perform light work, as defined in the Regulations, and

1    with the exception of only occasionally climbing ramps or

2    stairs and climbing ladders, ropes, or scaffolds.

3            Applying that RFC at step four, ALJ Hoffman

4    concluded that plaintiff is incapable of performing his past

5    relevant work and proceeded to step five, where she found,

6    applying the Medical-Vocational Guidelines set forth in the

7    Commissioner's Regulations, the so-called Grids, that

8    plaintiff is capable of performing available work in the

9    national economy.

10            The court's role in this case, as you know, is

11   limited to determining whether correct legal principles were

12   applied and the resulting determination is supported by

13   substantial evidence, defined as such evidence as a

14   reasonable person would find sufficient to support a fact.

15   As the Second Circuit has noted, including in *Brault v.*

16   *Social Security Commissioner*, 683 F.3d 443, 2012, and more

17   recently in *Schillo v. Kijakazi*, 31 F.4th 64, April of 2022,

18   this is an extremely deferential standard, and the Second

19   Circuit has noted that once an ALJ finds a fact, that fact

20   can only be disregarded if a reasonable person would have to

21   find otherwise.

22            Plaintiff's contentions in this case are threefold.

23   It's -- the first one is kind of a mixed bag, attacking the

24   step two rejection of plaintiff's mental conditions as

25   sufficiently severe and arguing that the RFC is not

1     supported, and specifically because plaintiff is unable to

2     meet the attendance and on-task requirements of full-time

3     employment; the second alleges insufficient evaluation of the

4     medical opinions set forth in the record; and the third

5     alleges an error in evaluating plaintiff's reported symptoms.

6         As a backdrop, I note that it is plaintiff's burden

7     to establish not only his medically determinable impairments

8     but resulting limitations that affect his ability to perform

9     basic work functions through step four of the sequential

10     analysis. *Poupore v. Astrue*, 566 F.3d 303, from the Second

11     Circuit 2009.

12         Turning first to the step two argument ... bear

13     with me.  The second step of the sequential evaluation

14     must -- requires an ALJ to determine whether plaintiff has a

15     medically determinable impairment that rises to the level of

16     a severe impairment, which means it must significantly limit

17     the physical or mental ability to perform basic work

18     activities.  It is true that the requirement at step two is

19     de minimus and intended only to screen out the weakest of

20     cases; however, the mere presence of a disease or a diagnosis

21     and/or treatment of a disease is not in and of itself

22     sufficient to render a condition severe.

23         In this case, the focus of plaintiff's argument is

24     essentially on, I'll say mental, the ability of plaintiff,

25     not pure physical ability but the ability, whether it's

1    mental or otherwise, to perform on a full-time basis.  When

2    you look at the pure mental, there are prior administrative

3    medical findings from both Dr. Hoffman and Dr. Ochoa that

4    find that plaintiff's mental impairment is not severe and

5    does not meet the requirements of the so-called B criteria.

6         Interestingly, the medical records, which I have

7    reviewed carefully, appear to show that plaintiff's mental

8    condition really didn't start to manifest itself until

9    September of 2021.  At page 778 to 779, it was first noted

10   that he did experience some anxiety or depression, he was

11   encouraged to undergo therapy and he was prescribed Lexapro.

12   Subsequent medical records appear to show that the Lexapro,

13   with the assistance of Lexapro, the plaintiff's condition,

14   mental condition improved.  On October 25, 2021, the record

15   shows that he was doing well and his condition was stable,

16   that's at 774.  On January 6, 2022, the medical record

17   indicates plaintiff is doing well, that's at 769, although

18   his mood is down.  March 21, 2021 -- 2022, I'm sorry,

19   plaintiff is doing well and stable, that's at 1007.

20   October 3, 2022, again, plaintiff is doing well and stable,

21   982.  So it is plaintiff's burden to show a significant

22   mental limitation on the ability to perform basic work

23   activities.

24         The consultative report of Dr. Noia is in the

25   record and addresses plaintiff's mental condition.

1    Dr. Dennis Noia examined the plaintiff on January 18, 2022,

2    his report is at 745 to 748 of the record.  Dr. Noia found no

3    limitations in most areas of mental functioning and only mild

4    limitations regulating emotions, controlling behavior, and

5    maintaining well-being.  That certainly seems to support the

6    administrative law judge's decision.  Her -- his activities

7    of daily living are robust and similar to those in *Poupore*,

8    for example, which I cited earlier.

9         I find that the administrative law judge properly

10   rejected the prior administrative finding of Dr. Ochoa to the

11   extent that he or she found that plaintiff experiences

12   moderate limitations in concentration, persistence and pace,

13   and in adapting or managing oneself.  Of course those two

14   findings of moderate would not direct a result of disability

15   under the Regulations under the Listings, but it is, those

16   opinions are inconsistent with the record, inconsistent with

17   the findings of Dr. Hoffman, inconsistent with the fact that

18   plaintiff did not undergo any mental health treatment.

19        In sum, I cannot say that a reasonable fact finder

20   would have to conclude that plaintiff's mental condition at

21   step two was sufficiently severe.

22        The plaintiff challenges the RFC and specifically

23   the failure to include a limitation of working less than full

24   time, being off task and absent to an extent that would

25   preclude competitive employment.  Claimant's RFC represents a

1    finding of a range of tasks a plaintiff is capable of

2    performing notwithstanding his impairments, 20 C.F.R. Section

3    404.1545(a).  And pertinently to this case, an RFC ordinarily

4    represents a claimant's maximum ability to perform sustained

5    work activities in an ordinary setting on a regular and

6    continuing basis, meaning eight hours a day for five days a

7    week or an equivalent schedule.  *Tankisi v. Commissioner of*

8    *Social Security*, 521 F.App'x 29 at 33 from the Second

9    Circuit, 2013.

10          As I indicated, plaintiff's argument here is that

11   he is unable to meet the attendance and on-task requirements

12   of full-time competitive employment.  The administrative law

13   judge specifically stated that she considered all of

14   plaintiff's impairments, including severe and nonsevere,

15   that's at page 21 of the record, and in that regard, this

16   case is not dissimilar to *Edwards v. Kijakazi*, 2022 WL

17   4285362, from the Southern District of New York,

18   September 16, 2022.

19          Mild limitations caused by plaintiff's mental

20   condition are not sufficiently severe to be accounted for in

21   the RFC and were properly not accounted for.  *Grace M. v.*

22   *Commissioner of Social Security*, 2022 WL 912946, from the

23   Western District of New York, March 29, 2022.

24          The ALJ's opinion reveals that she was fully aware

25   of and discussed plaintiff's complaints of dizziness,

1    fatigue, lack of concentration, chest pains.  The records in

2    many regards show improvement of all or some of those

3    symptoms over time.

4         The ALJ properly rejected Physical Therapist

5    Dowdy's assessment that plaintiff cannot work an eight-hour

6    day as inconsistent with unremarkable mental and neurological

7    findings.  The plaintiff indicates that there is some

8    evidence in the record to support plaintiff's inability to

9    perform on a full-time basis but the issue is not whether

10   there is some evidence in the record that would support that

11   position, but rather, whether substantial evidence supports

12   the RFC finding.  Again, I cannot say that a reasonable fact

13   finder would have to include mental limitations or

14   limitations associated with being off task and absent in the

15   RFC.

16        Turning to evaluation of medical opinions under the

17   new Regulations, plaintiff's -- the Commissioner, I should

18   say, does not any longer defer to or give any specific

19   evidentiary weight, including controlling weight, to any

20   medical opinion, including from a treating source, but

21   instead must determine whether they are persuasive by

22   primarily considering whether they are supported by and

23   consistent with the record in the case.  20 C.F.R. Section

24   404.1520c.  And an ALJ must articulate his or her finding of

25   persuasiveness in a manner that is sufficient to permit

1    meaningful judicial review.  If there are conflicts in the

2    medical opinions, those conflicts are for the administrative

3    law judge in the first instance to address and resolve.

4    *Veino v. Barnhart*, 312 F.3d 578 from the Second Circuit,

5    2002.

6          In this case, one of the opinions of record that is

7    under challenge is the opinion of Dr. Ochoa from April 4,

8    2022 at page 96 through 120 of the Administrative Transcript.

9    It is discussed by the administrative law judge at 21,

10   page 21 of her decision and found unpersuasive.

11   Interestingly, Dr. Ochoa finds a mild limitation in

12   plaintiff's ability to get along with others, that's at page

13   106.  The plaintiff's wife however, in her function report at

14   page 297 indicates that plaintiff gets along great with

15   authority figures.

16         The ALJ rejected the opinion of moderate limitation

17   in concentration, persistence, or pace.  From the function

18   report it appears that plaintiff is capable of paying

19   attention for a couple hours, at page 270, plaintiff stated

20   he can follow written and verbal instructions.  The finding

21   of Dr. Ochoa is also inconsistent with plaintiff's robust

22   activities of daily living; inconsistent with Dr. Noia's

23   opinion where he found no limitation in that regard;

24   inconsistent with Dr. Hoffman who also found no limitation in

25   that regard; it's inconsistent with the fact that plaintiff

1    did not obtain any mental health treatment.

2         In sum, I don't find any error in the evaluation of

3    Dr. Ochoa's opinion.

4         The plaintiff also challenges the ALJ's evaluation

5    of Dr. Cichetti's opinions, and those are a mixed bag.  There

6    are opinions that give functional analysis from August 24,

7    2021, that's at pages 573 to 574 of the Administrative

8    Transcript; on January 20, 2021, 349 to 350.  There are also

9    so-called out-of-work opinions from April 1, 2000 -- I'm

10   sorry, March 1, 2021 to, expiring April 1, 2021; another from

11   March 29 -- 21 -- I'm sorry.  March 21, 2021 to June 30,

12   2021; there is one from June 30, 2021 to July 31, 2021; and

13   one from July 28 that extends to October 28, 2021.  Those are

14   not particularly helpful because they are -- they do not

15   contain any analysis or indication on what they're based and

16   their temporary nature.  The two that do contain function

17   reports are more meaningful because they do address functions

18   but they are limited in nature by duration, and they have

19   been discussed by the administrative law judge and rejected.

20   I find that the basis for the rejection is properly assessed

21   and allows for meaningful judicial determination.

22        I note that Dr. Elke Lorensen, whose opinion is in

23   the record, was found to be generally persuasive and it is

24   consistent with light work which is what the RFC in this case

25   found.  That's *Lisa B. v. Commissioner of Social Security*,

22

1    2022 WL 6735016, October 11, 2022.

2         The last opinion of record that is challenged is

3    from -- other than the plaintiff's wife's function report is

4    from Physical Therapist Dowdy.  It is dated June 2, 2021,

5    it's in the record at 946 to 969 and repeated at 970 to 972.

6    Administrative Law Judge Hoffman discussed it at page 30 and

7    found it not to be consistent with and supported by the prior

8    administrative medical findings, which we've discussed, the

9    examinations of the plaintiff, the medical record, and

10   diagnostic testing.  And again, I note one thing that

11   Physical Therapist Dowdy indicated was that plaintiff can

12   only drive short distances, that's 968, which is inconsistent

13   with plaintiff driving 100 miles by himself to be examined by

14   Dr. Noia, that's at page 745.  There is some conflicting

15   evidence in the record.  It is for the administrative law

16   judge to resolve and I find that she did so in a manner that

17   permits meaningful judicial review.

18        I note that during the oral argument plaintiff

19   questioned the opinions of Dr. Waldman and Dr. Perrotti who

20   did not review medical records subsequent to their opinions,

21   the last of which was given on March 31, 2022.  Case law is

22   clear that that does not necessarily render them stale,

23   absent evidence of significant deterioration in a claimant's

24   condition, and as plaintiff's counsel candidly admitted

25   during the oral argument, there really isn't any evidence of

23

1    significant deterioration after March 31, 2022 in plaintiff's

2    condition.

3          The last opinion that was addressed is from

4    plaintiff's wife and it is in her function report which

5    appears at 291 to 298.  It was rejected by the administrative

6    law judge at page 31 as inconsistent with the overall record

7    and for the reasons which I've already stated with respect to

8    the prior opinions, I don't find any error in that

9    conclusion.

10          The third issue raised concerns plaintiff's

11   subjective reports of symptomology which of course an ALJ

12   must take into account in rendering the five-step disability

13   analysis.  20 C.F.R. Section 404.1529(a).  When examining the

14   issue, the administrative law judge engages in a two-step

15   analysis, first determining whether the claimant has

16   medically determinable impairments that could reasonably be

17   expected to produce the alleged symptoms which was found in

18   this case, and if so, then must evaluate both the intensity

19   and persistence of those symptoms and the extent to which

20   they limit the claimant's ability to perform work-related

21   activities.

22          The required analysis is described in more detail

23   in Social Security Ruling 16-3p, which sets out various

24   factors to be considered, including the claimant's daily

25   activities, the location, duration, frequency and intensity

24

1    of any symptoms, any precipitating and aggravating factors,

2    the type, dosage, effectiveness, and side effects of any

3    medications taken, other treatment received, and other

4    measures to relieve those symptoms.  20 C.F.R. Section

5    404.1529(c).

6         I note that once the analysis is made, and of

7    course it must be done so in a manner that is sufficient to

8    enable a reviewing court to determine whether the correct

9    analysis was applied and result achieved, the ALJ's

10   assessment of those subjective symptoms is entitled to

11   substantial deference by a reviewing court.  *Aponte v.*

12   *Secretary, Department of Health & Human Services of U.S.*, 728

13   F.2d 588, Second Circuit, 1984*; Shari L. v. Kijakazi*, 2022 WL

14   561563, Northern District of New York, February 24, 2022.

15        In this case, the administrative law judge actually

16   went to great lengths to describe plaintiff's alleged

17   symptomology, at pages 23 and 24 of the Administrative

18   Transcript, actually extending to -- really extending well

19   into page 28.  She also described in detail the testing that

20   was performed and the treatment that plaintiff has received,

21   and as I indicated, did find that those medically

22   determinable impairments could reasonably cause the alleged

23   symptoms but that those, the reported symptoms were not

24   considered consistent with the record.  She summarized her

25   opinion in that regard at page 31.  It includes the fact that

25

1    plaintiff's activities of daily living were robust, as we've

2    discussed, and that's made clear under *Poupore* and also

3    *Galgano v. Commissioner of Social Security*, 2020 WL 2198176

4    from the Eastern District of New York, 2020.  Psychological

5    impairment was not severe, plaintiff underwent conservative

6    treatment, there's no mental health treatment, the medical

7    opinions that support the plaintiff have been rejected, and

8    treatment notes don't support the extent of plaintiff's

9    claimed symptoms.

10         So I find no error in evaluating plaintiff's

11    reported symptomology, and give deference to the

12    administrative law judge's decision in that regard.

13         In sum, I find that correct legal principles were

14    applied in this case and the result is supported by

15    substantial evidence.  I will grant judgment on the pleadings

16    to the defendant and order dismissal of plaintiff's

17    complaint.

18         Thank you both for excellent presentations, I hope

19    you get out and enjoy our nice weather, when it gets here.

20         MR. HASSELER:  Thank you very much, your Honor.

21         MS. COHN:  Thank you, your Honor.

22              (Proceedings Adjourned, 11:46 a.m.)

23

24

25

```
 1                   CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4          I, JODI L. HIBBARD, RMR, CRR, CSR, Federal

 5     Official Realtime Court Reporter, in and for the

 6     United States District Court for the Northern

 7     District of New York, DO HEREBY CERTIFY that

 8     pursuant to Section 753, Title 28, United States

 9     Code, that the foregoing is a true and correct

10     transcript of the stenographically reported

11     proceedings held in the above-entitled matter and

12     that the transcript page format is in conformance

13     with the regulations of the Judicial Conference of

14     the United States.

15

16                    Dated this 1st day of May, 2025.

17

18

19                    /S/ JODI L. HIBBARD
                      _____

20                    JODI L. HIBBARD, RMR, CRR, CSR
                      Official U.S. Court Reporter
21

22

23

24

25
```